UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR MAMMANO,

    Plaintiff,

v.                                            Case No:   8:13-cv-509-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

This cause is before the Court on Plaintiff's Complaint (Doc. 1) filed on January 9, 2013. Plaintiff, Victor F. Mammano seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **Affirmed** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

**I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2),

1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B.  Procedural History

On April 15, 2009, Plaintiff filed an application for Disability Insurance Benefits asserting a disability onset date of October 6, 2006. (Tr. p. 42, 122). Plaintiff's application was denied initially on October 23, 2009, and denied upon reconsideration on February 25, 2010. (Tr. p. 48, 54-55).  A hearing was held before Administrative Law Tony L. Eberwein ("ALJ") on April 25, 2011.  (Tr. p. 13-23).   The ALJ issued an unfavorable decision on May 12, 2011.  (Tr. p. 13-23).  On December 20, 2012, the Appeals Council denied Plaintiff's request for review. (Tr. p. 1-6).   The Plaintiff filed a Complaint (Doc. 1) in the United States District Court and on February 22, 2013.   This case is now ripe for review.   The parties consented to proceed before a United States Magistrate Judge for all proceedings.   (Doc. 16).

### C.  Summary of the ALJ's Decision[1]

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.  *Packer v. Commissioner of Social Security*, ___ Fed. App'x. ____, 2013 WL 5788574 (11th Cir. Oct. 29, 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an

---

[1] Plaintiff's counsel states that "[f]or brevity and economy, the statements of the testimony and of the documentary evidence as set forth In the ALJ's decision (T. 10-29) are accepted by Plaintiff and incorporated, as if fully presented herein, except as specifically alluded to, excepted, or expanded upon, below."  (Doc. 23, p. 3). Therefore, the Court will also adopt the ALJ's statements of the testimony and of the documentary evidence as set forth in the ALJ's decision (Tr. p. 13-23) unless excepted in this Opinion and Order.

impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 Fed. App'x. 913, 915 n.2 (11th Cir. 2013).

The Plaintiff applied for supplemental security income only. (Tr. p. 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2009, the date of the application. (Tr. p. 15). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: degenerative arthritis in the cervical spine, history of remote rotator cuff repair, history of remote hernia repair, hypertension, diverticulosis, migraine, depression, post-traumatic stress disorder, and polysubstance abuse citing 20 C.F.R. §416.920(c). (Tr. p. 15). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926). (Tr. p. 15). The ALJ discussed the Plaintiff's alleged physical and mental impairments and concluded that these impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform light work with the limitation of being able to lift 50 pounds with the left arm, and 10 pounds with the right arm; being unable to lift with the right arm above shoulder level; and being limited to simple 1 – 4 step tasks. (Tr. p. 16, 22). The ALJ determined that after considering all the Plaintiff's symptoms, including pain, that the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms

alleged, however, the ALJ found that Plaintiff's statements as to the frequency, intensity, and duration of the symptoms are inconsistent with the evidence of record and did not fully credit them.  (Tr. p. 16). The ALJ found that the objective medical evidence did not confirm the severity of the Plaintiff's alleged pain and subjective symptoms, nor did the medical and non-medical evidence support the presence of an impairment that reasonably could be expected to produce pain, symptoms, and functional limitations to the degree alleged by Plaintiff. (Tr. p. 17). The ALJ determined that Plaintiff was unable to perform his past relevant work.   (Tr. p. 22).

At step 5, the ALJ found that considering Plaintiff's age (44 years old), education (high school equivalency), work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.   (Tr. p. 22). The ALJ found Plaintiff able to perform light work with limitations, but the limitations eroded the unskilled light occupational base, therefore, the ALJ requested the assistance of a vocational expert.  (Tr. p. 23).    The vocational expert testified that Plaintiff would be able to perform at the light exertional level, unskilled occupations such as toll collector, produce inspector, and survey worker.   (Tr. p. 23). The ALJ concluded that Plaintiff has not been under a disability since April 15, 2009.   (Tr. p. 23).

**D.  Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971).   The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises two issues on appeal. As stated by Plaintiff, they are: (1) the Administrative Law Judge Decision was in error in the evaluation of the Plaintiff's abdominal pain; and (2) the Appeals Council erred by failing to remand the case after it received new and material evidence which supported the Plaintiff's complaints of abdominal pain.

**A. Whether the ALJ erred in evaluating Plaintiff's abdominal pain**

Plaintiff asserts that the ALJ determined that Plaintiff's abdominal pain was a severe impairment at step 2, but found that Plaintiff's symptoms were not as severe as he alleged, yet failed to state to what degree Plaintiff's condition of diverticulosis affects his ability to perform work-related activities. Plaintiff argues that the ALJ should have made findings as to the frequency, severity, and duration of Plaintiff's abdominal pain, nausea and diarrhea, and posed a hypothetical to the vocational expert which included these limitations. The Commissioner asserts

that the ALJ carefully considered Plaintiff's abdominal complaints and found that the record did not support the symptoms of abdominal pain to the degree alleged by Plaintiff. The Commissioner claims that the ALJ supported his finding as to credibility.

The Eleventh Circuit's three-part pain standard that applies whenever a claimant asserts disability through testimony of pain or other subjective symptoms requires (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such a severity that it can be reasonably be expected to cause the alleged pain. *Foote v. Charter,* 67 F.3d 1553, 1560 (11th Cir. 1995); *Kelly v. Apfel,* 185 F.3d 1211, 1215 (11th Cir. 1999). After considering claimant's subjective complaints, the ALJ may reject them as not credible, and that determination is reviewed for substantial evidence. *Marbury v. Sullivan,* 957 F.2d 837 (11th Cir. 1992). If the objective medical evidence does not confirm the severity of the alleged symptoms, but indicates that the claimant's impairment could reasonably be expected to produce some degree of pain and other symptoms, the ALJ evaluates the intensity and persistence of the claimant's symptoms and their effect on his ability to work by considering the objective medical evidence, the claimant's daily activities, treatment and medications received, and other factors concerning functional limitations and restrictions due to pain. See 20 C.F.R. § 404.1529.

The ALJ reviewed Plaintiff's medical history as follows.[2] Plaintiff was admitted to the hospital in October 2006 and reported a history of diverticulitis and pancreatitis. (Tr. p. 17). In January 2009, Plaintiff went to the hospital with complaints of abdominal pain and diarrhea. (Tr. p. 17). An examination showed abdominal tenderness, and a CT scan showed diverticulitis. (Tr. p. 17). The Plaintiff was prescribed medication, discharged and the records indicated that

---

[2] The Court will focus on the medical history involving diverticulitis and stomach pain as these impairments are the only impairments raised in the Plaintiff's Memorandum of Law (Doc. 23).

he was able to perform daily activities without assistance. (Tr. p. 17). In September 2009, the Plaintiff went to the emergency room for complaints of abdominal pain of 10-days duration and vomiting. (Tr. p. 18). The hospital records indicated that he was in mild distress with abdominal tenderness, and the CT scan showed no significant abnormality. (Tr. p. 18). In September and October 2009, Plaintiff had medical and psychological consultative examinations. (Tr. p. 18). The physical examination showed mild abdominal tenderness. (Tr. p. 18). The doctor found diverticulosis with mild abdominal tenderness, reflux, and no signs or symptoms of hiatal hernia. (Tr. p. 18). In January 2010, the Plaintiff was admitted to the hospital for 5 days for abdominal pain. (Tr. p. 19). No "significant" test results or examination findings were documented. (Tr. p. 19). Plaintiff was diagnosed with diverticulitis. (Tr. p. 19). He improved with treatment, and felt fine on discharge. (Tr. p. 19). A second medical consultative examination occurred in January 2010. (Tr. p. 19). Plaintiff complained of reflux, diverticulitis, and other problems not related to abdominal issues. (Tr. p. 19). Dr. Desrochers determined that Plaintiff was in no physical distress and had no abdominal pain. (Tr. p. 19).

One day after this consultative examination, Plaintiff went to the hospital with complaints of abdominal pain of a three week duration. (Tr. p. 19). Plaintiff was found to demonstrate moderate abdominal tenderness, however the physician concluded that there was no evidence of acute diverticulitis. (Tr. p. 19). In February 2010, Plaintiff returned to the hospital with abdominal pain and diarrhea. (Tr. p. 19). A CT scan showed diffuse diverticulosis, but no evidence of acute diverticulitis. (Tr. p. 19). A final hospital admission was noted in May 2010, again with Plaintiff complaining of abdominal pain lasting for 3 days' duration and diarrhea for several days. (Tr. p. 19). The examination showed Plaintiff having only mild distress with moderate abdominal tenderness, and no other significant findings. (Tr. p. 19).

The ALJ concluded that Plaintiff had several hospital visits for complaints of abdominal pain, findings of acute diverticulitis on 2 occasions in January 2009 and January 2010, and had rapid response to treatment. (Tr. p. 21). Visits in September 2009 and January 2010 showed through CT scans that Plaintiff had improvement in inflammatory changes, no evidence of acute disease, and no significant abnormality. (Tr. p. 21). The ALJ found that Plaintiff "repeatedly noted to be in no distress and rarely noted to be in mild distress on examination in consultative examinations." (Tr. p. 21). The ALJ also found that the "record does not support diverticulitis or symptoms of abdominal pain to the degree alleged by the claimant." (Tr. p. 21).

The ALJ also weighed the Plaintiff's credibility claim that he was unable to work beginning in October 2006 due to going to the hospital one week out of every month and being unable to eat. (Tr. p. 21). The ALJ noted that the record reflected a hospital visit in October 2006 and then no further complaints until January 2009. (Tr. p. 21). The ALJ acknowledges that Plaintiff was seen at the hospital several times between September 2009 and May 2010, but had inflammatory changes only in January and had significant improvement thereafter. (Tr. p. 21-22). Plaintiff's medical records do not indicate that he had difficulty eating or maintaining weight. (Tr. p. 22). In fact, the claimant told Dr. Hatton in October 2009 that he had gained 50 pounds since May and currently weighed 160 pounds. (Tr. p. 22). The ALJ also noted that Plaintiff denied drug use in September and October 2009 and January 2010 and stated he had been clean since 2007. (Tr. p. 22) However, the ALJ then noted that Plaintiff admitted to drug use when arrested on charges of cocaine possession in May 2009, and he testified that he last used cocaine three months prior to the April 2011 hearing. (Tr. p. 22).

The ALJ reviewed Plaintiff's complaints of abdominal pain thoroughly. He noted all of Plaintiff's hospitalizations. The ALJ did not find Plaintiff's subjective complaints to be fully

credible. Many of the examinations showed only mild, or at most moderate, abdominal tenderness. Plaintiff always improved with treatment and was then discharged from the hospital. There was no diagnosis of acute diverticulitis. In consultative examinations, Plaintiff indicated that he was at most in mild distress, but usually did not mention being in abdominal distress. The ALJ supported his credibility findings based upon the medical records provided by Plaintiff, Plaintiff's lack of veracity in reporting his illegal drug use, and Plaintiff's exaggeration of the number of times he was hospitalized in his report to Dr. Hatton. The medical records indicated that inflammation was seen in January 2010, however there was significant improvement thereafter. The ALJ noted that Plaintiff's complaints of having difficulty eating and maintaining his weight contradict Plaintiff's statement that he gained 50 pounds.

The ALJ's credibility findings are supported by substantial evidence in the record. See, *Foote v. Chater*, 67 F.3d 1552, 1562 (11th Cir. 1995) ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."). The ALJ determined that Plaintiff's abdominal complaints would not limit him to performing a full range of light work. The ALJ properly discounted Plaintiff's subjective complaints. Further, a diagnosis of diverticulitis alone is not a sufficient basis for finding that an impairment is severe, but the severity of the impairment must be tied to a plaintiff's ability to work. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) and *Sutton v. Astrue*, 2010 WL 3212085, *4 (M.D. Fla. Aug. 12, 2010). Upon review of the record as a whole, the Court determines that the ALJ's decision that Plaintiff's subjective assertions of his limitations due to abdominal complaints were not credible, and the ALJ's decision was supported by substantial evidence.

Plaintiff argues that even if the ALJ's credibility findings was correct, the ALJ erred in not including limitations relating to Plaintiff's abdominal pain in his hypothetical to the vocational

expert. At the hearing, the ALJ asked if Plaintiff had anything else wrong with him. Plaintiff never mentioned his abdominal problems. (Tr. p. 34). Upon questioning by his representative at the hearing, the Plaintiff testified that he is "always in the hospital" because of his diverticulitis. (Tr. p. 38). Plaintiff testified that he cannot eat, is unable to go to the bathroom for a couple of days, and is sick. (Tr. p. 38). Plaintiff's representative failed to ask any questions of the vocational expert regarding Plaintiff's alleged limitations from his abdominal pain. (Tr. p. 39-40).

At step five of the sequential evaluation, the Commissioner bears the burden of showing that there are jobs in the national economy in significant numbers that a plaintiff can perform. *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). To assist an ALJ in making this determination, an ALJ may consult and pose a hypothetical question to a vocational expert. *Id*. To constitute substantial evidence, the hypothetical must include all of the claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). "An ALJ is not required to include findings in a hypothetical question that the ALJ properly rejected as unsupported." *Beegle v. Comm'r of Soc. Sec.*, 482 Fed. App'x 483, 487 (11th Cir. 2012). In the instant case, the ALJ's hypothetical question to the vocational expert did not include any limitations for Plaintiff's abdominal pain. However, the ALJ determined that Plaintiff had no limitations for light work due to his abdominal impairment, and therefore, he was not required to include any limitations for Plaintiff's abdominal impairment in his hypothetical question to the vocational expert. The ALJ did not err in failing to mention any limitations due to abdominal pain in the hypothetical questions to the vocational expert.

**B. Whether Appeals Counsel erred in failing to remand case after receiving new and material evidence**

Plaintiff asserts that new and material evidence was submitted to the Appeals Council that relates to the relevant time period, and the Appeals Council erred in not remanding the case to the ALJ to consider this new evidence.  The Plaintiff argues that this additional evidence shows that Plaintiff's complaints of abdominal pain are chronic and ongoing.  The Commissioner asserts that the Appeals Council considered the additional evidence, but found no basis for overturning the ALJ's decision or remanding the case to the ALJ for further consideration.

The Appeals council "found no reason under our rules to review the Administrative Law Judge's decision.  Therefore, we have denied your request for review."  (Tr. p. 1).  The additional medical evidence submitted to the Appeals Council was G. Malhotra, M.D.'s treatment notes dated March 10, 2010 through June 16, 2011; and, records from Brooksville Regional Hospital dated November 19, 2011, and March 27, 2012.  Plaintiff argues that his two hospitalizations demonstrate that Plaintiff's complaints of abdominal pain were chronic and ongoing.  On November 19, 2011, Plaintiff was admitted to Brooksville Regional Hospital for complaints of abdominal pain.  (Tr. p. 846). The diagnosis included diverticulitis.  (Tr. p. 847).  On March 27, 2012, Plaintiff was again admitted to Brooksville Regional Hospital for abdominal pain.  (Tr. p. 854).  Plaintiff was observed and then discharged in a stable condition.  (Tr. p. 854).  These hospital records totaled six pages and did not contain any procedures or medical testing.

A claimant is generally permitted to present new evidence at each state of his administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007), and 20 C.F.R. §404.900(b).  Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id.* An Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge

hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (20 C.F.R. §§404.970(b), 416.1470(b)). New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*

The ALJ entered his Decision on May 12, 2011. These hospital visits occurred in November 2011 and March 2012, approximately six and ten months after the date of the Decision. The Plaintiff must show that these hospital visits relate to the period prior to the date of the Decision, and that these records show that the ALJ's decision, findings, or conclusion is contrary to the weight of the evidence currently of record and that these records would change the outcome of the ALJ's decision. Even if the Court accepts that these hospital records relate back to the date before the ALJ's decision, and are new, the Court does not find that they are material or would change the administrative outcome. These two hospital visits are repetitive of the hospital visits that occurred prior to the ALJ's Decision which were carefully considered by the ALJ. Plaintiff failed to show how these two hospital visits would have made the ALJ's Decision become contrary to the weight of the evidence already of record. These hospital visits were cumulative and presented no additional findings that demonstrate that the ALJ's Decision was contrary to the weight of the evidence. Therefore, the Court determines that the Appeals Council did not err in failing to overturn the ALJ's decision or remand the case back to the ALJ for further consideration.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the Commissioner is supported by substantial evidence and decided according to proper legal standards.   The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).  The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 13, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties